IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| REORGANIZED DEBTORS,<br><br>   Appellants,<br><br>  v.<br><br>AD HOC COMMITTEE OF UNSECURED CREDITORS OF ULTRA RESOURCES INC and FORTY-TWO ADDITIONAL HOLDERS OF ULTRA RESOURCES INC'S SENIOR UNSECURED NOTES,<br><br>   Appellees. | Civil Action No. 4:17-cv-02993 |

**REORGANIZED DEBTORS' UNOPPOSED MOTION
FOR STAY OF BRIEFING SCHEDULE**

Appellants Reorganized Debtors[1] respectfully move for a stay of the default briefing schedule issued by this Court on November 30, 2017. Appellees do not oppose this motion. In support thereof, Appellants state as follows:

1. This case arises from objections by Appellants to certain proofs of claim filed by Appellees in the underlying chapter 11 cases. Under Appellants' Plan of Reorganization, every dollar that the Appellees loaned to the Reorganized Debtors, including all pre-petition interest and post-petition interest calculated at the federal judgment rate, was repaid, in full and in cash. Appellees nevertheless claimed that they are entitled to hundreds of millions of dollars more than Appellants already paid them, due to both a "Make-Whole Amount" ostensibly triggered by

---

[1] The Reorganized Debtors are Ultra Petroleum Corp.; Keystone Gas Gathering, LLC; Ultra Resources, Inc.; Ultra Wyoming, Inc.; Ultra Wyoming LGS, LLC; UP Energy Corporation; UPL Pinedale, LLC; and UPL Three Rivers Holdings, LLC.

Appellants' bankruptcy filing as well as post-petition interest at rates set forth in relevant note agreements. Appellants objected, arguing, *inter alia*, that paying the asserted "Make-Whole Amount" is prohibited by the bankruptcy code and is unenforceable under state law, and that any post-petition interest is limited to the federal judgment rate.

2. On September 21, 2017, the U.S. Bankruptcy Court for the Southern District of Texas entered an order in favor of Appellees. *See* **Exhibit 1**. The court held that even if the "Make-Whole Amount" were prohibited by the bankruptcy code, Appellees are still impaired by Appellants' plan unless paid their requested amounts. The court also held that the "Make-Whole Amount" is not unenforceable under New York law, and that Appellees would be impaired unless paid post-petition interest at their contract default rates.

3. On October 5, Appellants timely appealed the Bankruptcy Court's order. On October 18, pursuant to 28 U.S.C. §158(d)(2) and Federal Rule of Bankruptcy Procedure 8006, Appellants timely requested that the Bankruptcy Court certify its October 5 order for direct appeal by the U.S. Court of Appeals for the Fifth Circuit. On October 26, the Bankruptcy Court certified its order for direct appeal by the Fifth Circuit. *See* **Exhibit 2**.

4. Following the Bankruptcy Court's certification of this matter for direct appeal to the Fifth Circuit, on November 27, pursuant to 28 U.S.C. §158(d)(2), Appellants timely petitioned the Fifth Circuit to accept the Bankruptcy Court's certification and permit direct appeal to the court of appeals. *See* **Exhibit 3**.[2] Appellants' petition remains pending in the Fifth Circuit.

5. On November 30, this Court issued a notice of receipt of the bankruptcy record on appeal, and, pursuant to Fed. R. Bankr. P. 8018, accordingly set the following default schedule for

---

[2] Although Appellants timely filed and served the petition on November 27, the Fifth Circuit did not docket the petition until November 29.

briefing of the appeal in this Court: Appellants' brief due in 30 days; Appellees' brief due 30 days thereafter; and Appellants' reply brief due 14 days thereafter.  *See* Dkt. 3.

6. In light of their pending petition to the Fifth Circuit for direct appeal, Appellants respectfully request that this Court stay its default briefing schedule until resolution of that petition by the Fifth Circuit.  Staying the briefing schedule will prevent the parties from expending time and expense on preparations in this Court that may ultimately prove unnecessary or duplicative should the Fifth Circuit accept the Bankruptcy Court's certification and permit an appeal directly to the court of appeals.  Staying the briefing schedule will also provide the parties and this Court with greater clarity regarding the orderly operation of proceedings while Appellants' petition remains pending in the Fifth Circuit.

7. In similar situations, district courts within this circuit have stayed briefing schedules while petitions for direct appeal were pending before the Fifth Circuit.  *See, e.g.*, *In re Wiggains*, No. 15-CV-3121 (N.D. Tex. Dec. 12, 2015) (Dkt. 7) (suspending briefing schedule until resolution of petition for direct appeal); *In re Halo Wireless, Inc.*, No. 11-cv-795 (E.D. Tex. Dec. 16, 2011) (Dkt. 5) (same).

8. Upon resolution of their petition to the Fifth Circuit, Appellants will inform this Court of the Fifth Circuit's decision.  If the petition is granted, the appeal will go forward in the Fifth Circuit.  If the petition is denied, the appeal will go forward in this Court.

9. Appellants have conferred with Appellees, who do not oppose Appellants' request for a stay.

[*Remainder of page intentionally left blank*]

WHEREFORE, Appellants respectfully request that this Court stay the default briefing schedule pending the Fifth Circuit's resolution of Appellants' petition for direct appeal.

| | |
|---|---|
| Houston, Texas<br>December 4, 2017 | Respectfully submitted, |

/s/ *Sarah E. Williams*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Sarah E. Williams (TX Bar. No. 24075285)
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (312) 836-3601
Email: sarah.williams@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
James H.M. Sprayregen, P.C.
David R. Seligman, P.C. (*pro hac vice* admission pending)
Michael B. Slade (TX Bar No. 24013521)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
david.seligman@kirkland.com
michael.slade@kirkland.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Paul D. Clement (*pro hac vice* admission pending)
George W. Hicks, Jr. (*pro hac vice* admission pending)
Michael A. Petrino (*pro hac vice* admission pending)
C. Harker Rhodes IV (*pro hac vice* admission pending)
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
Email: paul.clement@kirkland.com
george.hicks@kirkland.com
michael.petrino@kirkland.com
harker.rhodes@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco (*pro hac vice* admission pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: christopher.greco@kirkland.com

*Counsel for Appellants*